IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. R. JOHNSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>    Defendants. | No. C 06-3372 JSW (PR)<br><br>**ORDER OF TRANSFER** |

    Plaintiff is a state prisoner currently incarcerated at Corcoran State Prison, located in Corcoran, California, within the venue of the United States District Court for the Eastern District of California. He filed this civil rights action (which he has called a petition for a writ of habeas corpus) in the United States District Court for the Northern District of California on May 23, 2006, complaining about the failure of officials at the prison to provide him with required prescription drugs and to respond to inmate appeals he has brought.

    Because Plaintiff's petition does not challenge the fact or duration of his confinement, it is properly brought as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). A Court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, because this

Court is transferring the petition, it will not do so at this time.

When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff complains about conditions of confinement at Corcoran State Prison, located in Kings County, within the venue of the Eastern District of California. *See* 28 U.S.C. § 84. Therefore, the Court will transfer this action to the United States District Court for the Eastern District of California. Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Eastern District of California. The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: June 1, 2006

JEFFREY S. WHITE
United States District Judge